Carlos Trinidad AVILA DE
PAZ, Petitioner,

v.

John ASHCROFT, Attorney
General,* Respondent.

No. 02–71473.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.**

Decided July 19, 2004.

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Edward C. Durant, Esq., Anthony W. Norwood, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM ***

Carlos Trinidad Avila De Paz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.

Avila De Paz challenges the IJ's adverse credibility determination. Reviewing for substantial evidence, we conclude that the IJ's adverse credibility determination is supported by specific and cogent explanations that go to the heart of the asylum claim. *See Valderrama v. INS*, 260 F.3d 1083, 1085 (9th Cir.2001) (per curiam).

Even if Avila De Paz testified truthfully, however, substantial evidence supports the IJ's finding that he failed to establish a well-founded fear of persecution based on his refusal to join guerilla forces or retribution for his service in the Guatemalan military. *Cf. Cruz–Navarro v. INS*, 232 F.3d 1024, 1028–29 (9th Cir.2000) (recognizing that former military service may in some instances support an asylum claim); *Sangha v. INS*, 103 F.3d 1482, 1490 (9th Cir.1997) (explaining that forced recruitment alone is insufficient to establish persecution on account of an enumerated ground).

Moreover, Avila De Paz's subjective fear is unreasonable in light of changed country conditions, *see Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003) (upholding a denial of asylum based on changed country conditions where the agency rationally construes the country report and conducts an individualized analysis of how the changed conditions will af-

---

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

fect the petitioner's situation), and the fact that Avila De Paz's own testimony demonstrated that he could safely relocate within Guatemala, *Cf. Melkonian v. Ashcroft,* 320 F.3d 1061, 1069 (9th Cir.2003).

Because Avila De Paz failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir. 2001).

Finally, the BIA's summary affirmance without opinion does not violate due process. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004) (order), Avila De Paz's period of voluntary departure will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.